**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF GEORGIA**
**VALDOSTA DIVISION**

| | | |
|---|---|---|
| JAMES DEAN FOUNTAIN, | : | |
| | : | |
| v. | : | CASE NO.: 7:21-CV-120 (WLS) |
| | : | |
| CLINCH COUNTY, GA, | : | |
| *et al.*, | : | |
| | : | |
| Defendants. | : | |
| | : | |

## ORDER

Presently before the Court is Defendants Clinch County, GA's, Sheriff Raymond Peterson's & Deputy Sheriff James Smith's Partial Motion to Dismiss Plaintiff's Complaint, which was filed pursuant to Fed. R. Civ. P. 12(b)(6). (Doc. 5.) Therein, Defendant Clinch County, GA, moves to dismiss all the federal claims asserted against them in this action. (Doc. 5-1 at 6.) Pursuant to the Partial Motion to Dismiss, Defendants, Raymond Peterson and James Smith, move to dismiss Plaintiff's 42 U.S.C. § 1985 conspiracy claim in its entirety, as they also move in their official and individual capacities. (Doc. 5-1 at 8.) Defendants Raymond Peterson and James Smith also move to dismiss all of the claims asserted against them, in their official capacity, pursuant to Eleventh Amendment immunity. (Doc. 5-1 at 6.) Finally, Defendant Clinch, County, GA as well as Defendants Raymond Peterson and James Smith moves to dismiss the state law claims asserted against them, in their official capacity, as those claims are barred by sovereign immunity.

For the reasons that follow, Defendants' Partial Motion to Dismiss (Doc. 5) for failure to state a claim for relief is **GRANTED in part and DENIED in part**.

## PROCEDURAL HISTORY

On September 2, 2021, Plaintiff filed his Complaint in the above styled case, alleging seven (7) causes of action.[1] (Doc. 1.) Plaintiff brings this suit pursuant to 42 U.S.C. § 1983 for

---

[1] The Court notes for the purposes of the record that Plaintiff does not identify whether he is suing Defendants Peterson or Smith in their individual or official capacities in any count of the Complaint. (Doc. 1.) Accordingly,

1

the deprivation of Plaintiff's constitutional rights, as well as state law claims for (1) assault and battery, (2) excessive force, (3) negligent hiring, training and supervision, (4) negligent and intentional infliction of emotional distress, and (5) conspiracy to violate Plaintiff's constitutional rights. (*Id.*) Plaintiff also brings one claim pursuant to 42 U.S.C. § 1983 against Defendant Raymond Peterson for failure to intervene. The Court notes for the purposes of the record that Plaintiff also seeks punitive damages, attorney's fees, and a trial by jury. (*Id.*)

On October 8, 2021, Defendants filed a Partial Motion to Dismiss the Complaint (Doc. 5) as well as a Motion to Stay Discovery. (Doc. 6.) The Court granted the Motion to Stay Discovery on November 4, 2021. (Doc. 9.) On November 11, 2021, Plaintiff filed their Response to the Motion to Dismiss. (Doc. 10.) To date, Defendants have not filed a Reply. Accordingly, briefing has concluded, and Defendants' Partial Motion to Dismiss is ripe for disposition. (Doc. 5.)

## **RELEVANT FACTUAL SUMMARY**[2]

On September 3, 2019, Plaintiff, who at the time was incarcerated for alleged offenses in Clinch County, Georgia, had a court appearance in Clinch County Superior Court. (Doc. 1 ¶ 4.0-4.1.) While the exact sequence of events is unclear, Plaintiff was left at the Clinch County Courthouse, instead of being taken back to jail. (*Id.*, ¶ 4.1.) Plaintiff proceeded to escape the Clinch County Courthouse by climbing through the ceiling. (*Id.*, ¶ 4.2.)

The following day, Plaintiff contacted his brother, Chad Douglas, and asked to meet on Richard James Road, Clinch County, GA. (*Id.*, ¶ 4.4.) Chad Douglas at this time was in the company of Defendant James Smith and Detective Crystal Peterson[3], who had picked up Mr. Douglas in an effort to locate Plaintiff. (*Id.*, ¶ 4.3.) Defendant James Smith and Defendant

---

this Court has construed Plaintiff's Complaint as a suit against the Defendant Officers in their individual and official capacities.

[2] The Court notes for the purposes of the record that at this stage of the proceedings, the Court must conduct its analysis "accepting the allegations in the complaint as true and construing them in the light most favorable to the Plaintiff." *Hill v. White*, 321 F.3d 1334, 1335 (11th Cir. 2003).

[3] The Court notes for the purposes of the record that Detective Crystal Peterson is not a named Defendant in this lawsuit. However, given the similarity of her name to that of one of the Defendants the Court shall refer to Detective Crystal Peterson by her full name henceforth.

Raymond Peterson proceeded to Richard James Road and observed Mr. Douglas leaning into the driver's side window of a burgundy Hyundai Sonata operated by Plaintiff. (*Id.*, ¶ 4.5.) A Ms. Jessica Newbern was in the car with Plaintiff. (*Id.*, ¶ 4.5.) As law enforcement approached, Mr. Douglas told Ms. Newbern to "[g]et out of the car … they're fixing to kill him." (*Id.*, ¶ 4.6.)

Ms. Newbern exited the vehicle, while Defendants James Smith and Raymond Peterson approached with their revolvers drawn. (*Id.*, ¶ 4.7.) At this time, Plaintiff alleges that he was not armed, was not threatening or combative, and simply sat in the vehicle as the officers approached. (*Id.*, ¶ 4.8.) Plaintiff further alleges that no officer saw a weapon of any kind and that the Defendants had no reason to fear for their safety. (*Id.*) Defendant Raymond Peterson proceeded to shout, "Jamie stop" while discharging his revolver into the rear tire of the vehicle. (*Id.*, ¶ 4.9.) According to Plaintiff, Defendant Raymond Peterson shouting for Plaintiff to stop was simply a ploy to justify firing his weapon at the tire and to justify Defendant James Smith's subsequent actions. (*Id.*) Defendant James Smith in response to Defendant Raymond Peterson's discharging his revolver proceeded to fire his weapon into the vehicle, striking Plaintiff in the mid-back. (*Id.*, ¶ 4.9-4.10.)

Plaintiff proceeded to put the vehicle in drive and drove away from the officers, for approximately fifty (50) yards, exited the vehicle, positioned himself on the ground and informed the officers that he had been shot. (*Id.*, ¶ 4.11.) Defendants proceeded to handcuff Plaintiff, who was complaining about being shot in the back. (*Id.*, ¶ 4.12.) Detective Crystal Peterson, in an effort to provide some relief, poured water on Plaintiff. (*Id.*, ¶ 4.13.) However, no other medical attention was rendered by the Clinch County Sherriff's Office, and Plaintiff was eventually released from custody to obtain medical treatment.[4] (*Id.*, ¶ 4.16.)

---

[4] The Court notes for the purposes of the record that Plaintiff alleges in his Complaint that "medical personnel were contacted and dispatched to the scene." (Doc. 1 ¶ 5.0.) However, it is unclear, to the Court from the Complaint (Doc. 1), who contacted the medical personnel. The answer appears to lie in Plaintiff's second exhibit to the Complaint. (Doc. 1-2.) Therein, it states that "[u]pon learning that Mr. Fountain had been shot, Sheriff Peterson and Deputy Smith released Mr. Fountain from custody." (*Id.*) It goes on to state that "while released from custody, Mr. Fountain obtained medical attention at the Coffee Regional Hospital and was thereafter life flighted to Tallahassee Memorial Hospital." (*Id.*) In the United States Court of Appeals for the Eleventh Circuit, "[w]here there is a conflict between allegations in a pleading and exhibits thereto, it is well settled that the exhibits control" *Gross v. White*, 340 Fed. Appx. 527, 533 (11th Cir. 2009) (quoting *Tucker v. National Linen Service Corp.*, 200 F.2d 858, 864 (5th Cir. 1953).) Accordingly, given that the Court is required to

After being released from custody, Mr. Fountain was airlifted to Tallahassee Memorial Hospital. (*Id.*, ¶ 5.0.) As a result of the shooting, Plaintiff suffered a collapsed lung and was required to undergo major surgery. (*Id.*, ¶ 5.1.) Furthermore, medical personnel could not remove the bullet, and it presently remains lodged in Plaintiff's liver. (*Id.*)

## **DISCUSSION**

Federal Rule of Civil Procedure 12(b)(6) permits a party to assert by motion the defense of failure to state a claim upon which relief can be granted. A motion to dismiss a plaintiff's complaint under Rule 12(b)(6) should not be granted unless the plaintiff fails to plead enough facts to state a claim for relief that is plausible, and not merely just conceivable, on its face. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "Dismissal for failure to state a claim is proper if the factual allegations are not 'enough to raise a right to relief above the speculative level.'" *Edwards v. Prime, Inc.*, 602 F.3d 1276, 1291 (11th Cir. 2010) (quoting *Rivell v. Private Health Care Sys., Inc.*, 520 F.3d 1308, 1309 (11th Cir. 2008)). "Stated differently, the factual allegations in the complaint must 'possess enough heft' to set forth 'a plausible entitlement to relief.'" *Edwards*, 602 F.3d at 1291 (quoting *Fin. Sec. Assurance, Inc. v. Stephens, Inc.*, 500 F.3d 1276, 1282 (11th Cir. 2007)). The plausibility standard "calls for enough fact to raise a reasonable expectation that discovery will reveal evidence" of the defendant's liability. *Twombly*, 550 U.S. at 556. Thus, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice;" rather, a complaint must make plausible, factual assertions that allow the Court to draw the required connections from the alleged harm and the requested relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009).

The Court must conduct its analysis "accepting the allegations in the complaint as true and construing them in the light most favorable to the Plaintiff." *Hill v. White*, 321 F.3d 1334, 1335 (11th Cir. 2003). In evaluating the sufficiency of a plaintiff's pleadings the Court must "make reasonable inferences in [p]laintiff's favor, 'but [is] not required to draw Plaintiff's inference.'" *Sinaltrainal v. Coca-Cola Co.*, 578 F.3d 1252, 1260 (11th Cir. 2009) (quoting *Aldana v. Del Monte Fresh Produce, N.A., Inc.*, 416 F.3d 1242, 1248 (11th Cir. 2005)), *abrogated on other*

---

accept as true all of the factual allegations contained in the Complaint, the Court shall presume that Plaintiff, or Plaintiff's companion or brother called medical personnel. *Bell Atlantic Corp v. Twombly*, 550 U.S. 544, 555 (2007).

4

*grounds by Mohamad v. Palestinian Auth.*, 132 S. Ct. 1702 (2012). The Supreme Court instructs that while on a motion to dismiss "a court must accept as true all of the allegations contained in a complaint," this principle "is inapplicable to legal conclusions," which "must be supported by factual allegations." *Iqbal*, 556 U.S. at 679 (citing *Twombly*, 550 U.S. at 555, for the proposition that courts "are not bound to accept as true a legal conclusion couched as a factual allegation" in a complaint). In addition to considering the four corners of a complaint, a district court may also consider an extrinsic document only if it is central to a plaintiff's claim and its authenticity has not been challenged. *SFM Holdings, Ltd. v. Banc of America Sec., LLC.*, 600 F.3d 1334, 1337 (11th Cir. 2010).

As stated *supra*, Defendant Clinch County, GA, moves to dismiss all the federal claims asserted against it in this action. (Doc. 5-1 at 5.) Pursuant to the Partial Motion to Dismiss, Defendants, Raymond Peterson and James Smith, move to dismiss Plaintiff's 42 U.S.C. § 1985 conspiracy claim in its entirety, as they also move in their official and individual capacities. Defendants Raymond Peterson and James Smith also move to dismiss all of the claims asserted against them, in their official capacity, pursuant to Eleventh Amendment immunity. (Doc. 5-1 at 6.) Finally, Defendant Clinch, County, GA as well as Defendants Raymond Peterson and James Smith move to dismiss the state law claims asserted against them, in their official capacity, as those claims are barred by sovereign immunity.

For the sake of clarity, the Court shall address the federal Counts that Clinch County, GA moves to dismiss separately from those of Defendants Raymond Peterson and James Smith. The Court shall then address Defendants, Raymond Peterson's and James Smith's, Motion to Dismiss Plaintiff's Conspiracy Claim in its entirety. The Court shall then address whether Defendants, Raymond Peterson and James Smith, are entitled to Eleventh Amendment immunity, in their official capacities. Finally, the Court shall address whether Clinch County, GA, as well as Defendants Raymond Peterson and James Smith, in their official capacities, are entitled to sovereign immunity on Plaintiff's state law claims.

I. **Plaintiff's 42 U.S.C. § 1983 claim against Clinch County, GA is DISMISSED as Clinch County, GA is not liable for the alleged deprivation of Plaintiff's Constitutional rights.**

Local government bodies such as counties are persons within the meaning of § 1983 and can be held accountable for deprivations of federally protected rights. *Monell v. Dep't of Soc. Serv.*, 436 U.S. 658, 689 (1978). However, the "Supreme Court has placed strict limitations on municipal liability under § 1983." *Grech v. Clayton County*, 335 F.3d 1326, 1329 (11th Cir. 2003). In the United States Court of Appeals for the Eleventh Circuit, a county is only "liable under section 1983 … for those acts for which [the county] is actually responsible." *Marsh v. Butler County*, 268 F.3d 1014, 1027 (11th Cir. 2001) (en banc). Stated otherwise, a county is only liable when the county's "official policy" causes the constitutional violation in question. *Monell*, 436 U.S. at 694. Accordingly, for Plaintiff's claims against Clinch County, GA to proceed, Plaintiff must either identify (1) an officially promulgated county policy, which resulted in the constitutional violation in question, or (2) an unofficial custom or practice of the county shown through the repeated acts of a final policymaker for the county. *Monell*, 436 U.S. at 690.

In the present case, Plaintiff's 42 U.S.C. § 1983 claim[5] against Clinch County, GA must be dismissed as Plaintiff did not satisfy either requirement. In his Complaint (Doc. 1) Plaintiff neither identified an official Clinch County, GA, policy that resulted in the constitutional violation in question[6], nor showed that an unofficial custom or practice of Clinch County, as shown through the repeated acts of a final policymaker for the County, caused the deprivation of Plaintiff's constitutional rights. (*Id.*) While Plaintiff seeks to establish liability against Clinch County, GA, under the customs or practice theory, by citing an alleged code of silence at the

---

[5] The Court notes for the purposes of the record that Defendant, Clinch County, GA, only moves to dismiss the federal claims asserted against them in this action pursuant to this argument. (Doc. 5-1 at 6.)

[6] The Court notes for the purposes of the record that Plaintiff alleges in ¶ 8.7 of the Complaint that the Clinch County Sheriff's Office and Defendant Clinch County, GA evaluated officers' performance based in part on their statistics for self-initiated contacts, arrests, and tickets. (Doc. 1 at 10-11.) However, as Defendant Clinch County lacks the authority to direct the policy of the Clinch County Sheriff's Office, for reasons that will be elaborated upon further below, the Court finds that Plaintiff has failed to adequately allege either an officially promulgated county policy, or an unofficial custom or practice of the County. *See Grech v. Clayton County*, 335 F.3d 1326, 1329 (11th Cir. 2003).

6

Clinch County Sheriff's Office,[7] as well as history of complaints against officers employed by the Clinch County Sheriff's Office, which includes: racial/biased based profiling, unprofessionalism, improper conduct, excessive force, conduct unbecoming, mistreatment of citizens, illegal/improper arrest, harassment, and rape or facilitating the rape of a female inmate, (Doc. 1 at 19 ¶ 12.13) Plaintiff's argument misses the mark. Plaintiff misses the mark because in Georgia, it is well established that counties have no authority or control over, the Georgia sheriff's law enforcement functions. *See Grech v. Clayton County*, 335 F.3d 1326, 1329 (11th Cir. 2003). In other words, actions of the sheriff's office by their existence alone, are not attributable to the County. Plaintiff must allege more for his claim to be viable.

In the present case, Clinch County, GA is not liable for the actions of Defendants, Raymond Peterson and James Smith, because it is well established that "counties have no authority or control over, and no role in, Georgia sheriff's law enforcement functions." *Id* (*citing Marsh v. Butler County*, 268 F.3d 1014, 1027 (11th Cir. 2001)(en banc)). "Counties do not grant sheriffs their law enforcement powers, and neither prescribe nor control their law enforcement duties and policies." *Id.* It is for this reason; Georgia courts have routinely concluded that Sheriff's and their "deputies are employees of the [Sheriff's Office] and not the county." *Id* (*citing Warren v. Walton*, 202 S.E.2d 405 (1973) (recognizing that "deputy sheriffs … are employees of the sheriff, whom the sheriffs alone are entitled to appoint or discharge")). Furthermore, Plaintiff makes no allegations that Clinch County, GA was directing the practices of the Clinch County, Sheriff's Office, but rather cites the policies of the Sheriff's Office. (Doc. 1 ¶ 9.11.) Therefore, Plaintiff has not identified or alleged a specific policy or custom of Clinch County that would affect the conduct of the Clinch County Sheriff's Office.

Accordingly, as Plaintiff has failed to allege facts sufficient to maintain a claim that Clinch County, GA is responsible for the actions of Defendants Raymond Peterson or James Smith, Plaintiff's 42 U.S.C. § 1983 claim against Clinch County, GA must be dismissed. Therefore, it is hereby **ORDERED** that Plaintiff's 42 U.S.C. § 1983 claim against Clinch County, GA is **DISMISSED**.

---

[7] The Court notes for the purposes of the record that Plaintiff cites the testimony of a retired City of Atlanta police major as evidence that a code of silence exists at the Clinch County Sheriff's Office. (Doc. 1 Paragraph 12.12.) This conclusory allegation, however, requires a leap in logic and geography that is insufficient to support a claim against Clinch County.

7

## II. Plaintiff's 42 U.S.C. § 1985(3) Conspiracy Claim against Defendants Raymond Peterson and James Smith, is DISMISSED.

Next, the Court turns to Defendants, Raymond Peterson's and James Smith's, Motion to Dismiss (Doc. 5) Plaintiff's 42 U.S.C. § 1985(3) conspiracy claim in its entirety. In order to establish a 42 U.S.C. § 1985(3) conspiracy claim, Plaintiff must show an agreement between "two or more persons" to deprive him of his civil rights. *Dickerson v. Alachua County Comm'n*, 200 F.3d 761, 767 (11th Cir. 2000). In the present case, Plaintiff's conspiracy claim against Defendants is due to be dismissed as Plaintiff has failed to adequately plead a conspiracy claim against them.

In order to adequately plead a 42 U.S.C. § 1985(3) conspiracy claim, Plaintiff must show an agreement between "two or more persons" to deprive him of his civil rights. *Id.* Pursuant to Plaintiff's Complaint the Defendants acted in conspiracy when Defendant Raymond Peterson approached Plaintiff's vehicle shouting "Jamie stop" and thereafter immediately discharged his service revolver at the rear tire of Plaintiff's vehicle. (Doc. 1 at 6 ¶ 4.9.) According to Plaintiff, Defendant Raymond Peterson's shouting for Plaintiff to stop was simply a ploy to justify firing his weapon at the tire and to justify Defendant James Smith firing his weapon at Plaintiff. (*Id.*) Plaintiff merely makes the conclusory allegation that they 'conspired.'

These facts are insufficient to state a conspiracy claim that is plausible, and not merely just conceivable, on its face. *Twombly*, 550 U.S. at 570. The facts are insufficient as Plaintiff does not factually allege, at any point, that Defendants Raymond Peterson or Defendant James Smith entered into an agreement to deprive Plaintiff of his civil rights. Plaintiff merely makes the conclusory allegation that they 'conspired.' The words and actions alleged, in the circumstances alleged, do not support a reasonable inference that the Defendants conspired.

Accordingly, it is hereby **ORDERED** that Plaintiff's 42 U.S.C. § 1985(3) conspiracy claim be **DISMISSED** as Plaintiff has failed to adequately plead a conspiracy claim.

### III. Defendants, Raymond Peterson's and James Smith's Motion to Dismiss Plaintiff's Claims, in their Official Capacity, pursuant to Eleventh Amendment Immunity is DENIED.

Turning next to Defendants, Raymond Peterson's and James Smith's, Motions to Dismiss (Doc. 5) all of the claims asserted against them in this action, in their official capacity. It is Defendants' position that they are entitled to Eleventh Amendment immunity, in their official capacities, on the following claims. (Doc. 5-1 at 6.) (1) Plaintiff's 42 U.S.C. § 1983 for excessive force claim; (2) Plaintiff's state law theory of assault and battery, as well as excessive force, claim against Defendant James Smith; (3) Plaintiff's state law theory of assault and battery, as well as excessive force, claim against Defendant James Smith; (4) Plaintiff's claim that Defendant Raymond Peterson is liable for negligent hiring, training, and supervision at the Clinch County Sheriff's Office; (5) Plaintiff's claim for negligent and intentional infliction of emotional distress; and (6) Plaintiff's claim that Defendant Raymond Peterson is liable under 42 U.S.C. § 1983 for failure to intervene.

While Defendants may be entitled to dismissal of claims in their official capacity on other grounds, they are not on the ground of Eleventh Amendment immunity at this stage of the proceedings.[8] Defendants are not entitled to Eleventh Amendment immunity, at this stage of the proceedings, as Defendants conflate official capacity liability with Eleventh Amendment immunity.[9] As stated *supra*, Fed. R. Civ. P. 12(b)(6) permits a party to assert by motion the defense of failure to state a claim upon which relief can be granted. A motion to dismiss a plaintiff's complaint under Rule 12(b)(6) should not be granted unless the plaintiff fails to plead enough facts to state a claim for relief that is plausible, and not merely just conceivable,

---

[8] The Court notes for the purposes of the record that Defendants do not challenge whether Plaintiff has alleged sufficient facts to maintain these claims, but rather Defendants contend that they're entitled to judgment as a matter of law. Defendants' argument conflates the procedural requirements of summary judgment and Rule 12(b)(6), however.

[9] The Court notes for the purposes of the record that Defendants do not advance the argument that they're entitled to official immunity, as this is a suit against the Sheriff's Office and therefore the State itself. While Defendants circle this argument in their Motion to Dismiss (Doc. 5-1 at 7) Defendants argument that Sheriff Raymond Peterson and Deputy James Smith are entitled to Eleventh Amendment immunity, in their official capacities, requires the Court to assume that Defendants were acting in their capacity as an arm of the State when they allegedly violated Plaintiff's constitutional rights. The issue of whether Defendants were acting in their capacity as an arm of the State is a factual matter that should be discovered.

on its face. *Twombly*, 550 U.S. at 570. Accordingly, the only issue that this Court must decide at this time is whether Plaintiff's factual pleadings are sufficient to maintain the above-mentioned claims without regard to whether they may later be subject to judgment in Defendants' favor on Eleventh Amendment grounds.[10]

In the present case, Plaintiff has pled sufficient facts to maintain all the claims Defendants, Raymond Peterson and James Smith, move to dismiss at this time. (*See* Doc. 1.) For example, Defendants move to dismiss Plaintiff's 42 U.S.C. § 1983 excessive force claim. (Doc. 5-1 at 6.) Pursuant to Plaintiff's Complaint Defendant Raymond Peterson and Defendant James Smith discharged their firearms into Plaintiff's vehicle without provocation. (Doc. 1 at 5-6.) Therefore, Plaintiff has plead sufficient facts to maintain his 42 U.S.C. § 1983 excessive force claim.

Plaintiff has also plead sufficient facts to maintain Plaintiff's state law theory of assault and battery, as well as excessive force, claim against Defendant James Smith; Plaintiff's state law theory of assault and battery, as well as excessive force, claim against Defendant James Smith; Plaintiff's claim that Defendant Raymond Peterson is liable for negligent hiring, training, and supervision at the Clinch County Sheriff's Office[11]; Plaintiff's claim for negligent and intentional infliction of emotional distress; and Plaintiff's claim that Defendant Raymond Peterson is liable under 42 U.S.C. § 1983 for failure to intervene. (*See* Doc. 1.) Plaintiff is entitled to discovery on these issues.

Accordingly, as Plaintiff has plead sufficient facts to maintain the claims that Defendants move to dismiss, Defendants, Raymond Peterson's and James Smith's, Motion to

---

[10] The Court notes for the purposes of the record that the cases Defendants rely upon for their proposition that they're entitled to Eleventh Amendment immunity, dealt with the denial of a grant of summary judgment. *See Manders v. Lee*, 338 F.3d 1304, 1305 (11th Cir. 2003); *See Foxworth v. Johnson*, 2010 U.S. Dist. LEXIS 28760 (M.D. GA. Feb. 26, 2010). While Defendants may in fact show that they're entitled to Eleventh Amendment immunity, in their official capacities, at a later stage of these proceedings, the cases that Defendant relies upon were decided upon completely discovered records.

[11] In the Complaint Plaintiff alleges that Defendant Peterson "failed to take steps to [e]nsure that officers were trained and supervised regarding the constitutional limits of officers' authority." (Doc. 1 at 11 ¶ 8.11.) It is further alleged that Defendant Peterson failed to properly supervise and train his officers. (Doc. 1 at 16 ¶ 12.3.)

Dismiss (Doc. 5) all of the claims asserted against them in this action, in their official capacity, pursuant to Eleventh Amendment immunity is **DENIED**.[12]

### IV. Defendant, Clinch County, GA's as well as Defendants Raymond Peterson's and James Smith's Motion to Dismiss the State Law Claims Asserted Against them, in their Official Capacity, Pursuant to Sovereign Immunity is GRANTED in Part and DENIED in Part.

Turning finally to Defendant Clinch, County, GA as well as Defendants Raymond Peterson's and James Smith's Motion to Dismiss the state law claims asserted against them, in their official capacity, pursuant to sovereign immunity. (Doc. 5-1 at 10.) It is Defendants' position that all of state law claims included in Plaintiff's Complaint (Doc 1) are barred by the doctrine of sovereign immunity.[13]

While Defendants, Raymond Peterson and James Smith, may be entitled to dismissal in their official capacity on other grounds, they are not on the ground of sovereign immunity at this stage of the proceedings. Defendants Raymond Peterson and James Smith are not entitled to sovereign immunity as Defendants are conflating official capacity claims against a State actor, which are considered an action against the State (entity) and would therefore be absorbed into that claim, if any. As stated *supra*, Fed. R. Civ. P. 12(b)(6) permits a party to assert by motion the defense of failure to state a claim upon which relief can be granted. A motion to dismiss a plaintiff's complaint under Rule 12(b)(6) should not be granted unless the plaintiff fails to plead enough facts to state a claim for relief that is plausible, and not merely just conceivable, on its face. *Twombly*, 550 U.S. at 570. Accordingly, the only issue that this Court must decide at this time is whether Plaintiff's factual pleadings are sufficient to maintain

---

[12] Defendants do not challenge Plaintiff's official capacity claims other than upon their assertion that Defendants are protected from suit by Eleventh Amendment immunity. Therefore, the Court has not addressed or considered any other ground for dismissal of Plaintiff's official capacity claims.

[13] The Court notes for the purposes of the record Plaintiff only appears to assert one (1) state-law claim against Clinch County, GA, for the negligent and intentional infliction of emotional distress. (Doc. 1 at 20.) The following state law claims against Defendants Raymond Peterson and James Smith also remain: (2) Plaintiff's state law theory of assault and battery, as well as excessive force, claim against Defendant James Smith; (3) Plaintiff's state law theory of assault and battery, as well as excessive force, claim against Defendant James Smith; (4) Plaintiff's claim that Defendant Raymond Peterson is liable for negligent hiring, training, and supervision at the Clinch County Sheriff's Office; (5) Plaintiff's claim for negligent and intentional infliction of emotional distress.

11

the above-mentioned state-law claims.[14] In order to reach Defendant's sovereign immunity assertion, the Court would be required to go beyond the face of the Complaint and consider matters not properly before the Court.

In the present case, Plaintiff has pled sufficient facts to state a claim for relief that is plausible, and not merely just conceivable, on its face as to all of the state law claims against all Defendants, except Plaintiff's claim against Clinch County, GA, for the negligent and intentional infliction of emotional distress. (Doc. 1 at 20.) Plaintiff did not plead sufficient facts to maintain its negligent and intentional infliction of emotional distress claim against Clinch County, GA, as Clinch County, GA, is not responsible for the actions of the Clinch County Sheriff's Office, for the reasons outlined *supra*, and Plaintiff has not pled facts that would connect Clinch County, GA to Defendant Raymond Peterson's and James Smith's alleged negligent and intentional infliction of emotional distress on Plaintiff apart from their status as deputy sheriffs. Accordingly, Plaintiff's negligent and intentional infliction of emotional distress claim against Clinch County, GA is **DISMISSED** as Plaintiff has failed to make out the requisite pleading. However, for the reasons outlined *supra*, Plaintiff has stated sufficient facts to maintain his state-law claims against Defendants Raymond Peterson and James Smith.[15]

Accordingly, Defendant Clinch County, GA's as well as Defendants Raymond Peterson's and James Smith's Motion to Dismiss the State Law Claims asserted against them, in their official capacity is **GRANTED in part** and **DENIED in part.** (Doc. 5.) Defendants' Motion is **GRANTED** as to Defendant Clinch County but **DENIED** as to Defendants Raymond Peterson and James Smith. Defendants Motion is **GRANTED** as to Defendant Clinch County, GA, not because the Court finds that Plaintiff's claim is barred by sovereign

---

[14] The Court notes for the purposes of the record that Defendants do not contest whether Plaintiff alleged sufficient facts to support his state-law claims, but rather contend that they're entitled to judgment as a matter of law. As stated *supra* this argument conflates the procedural requirements of 12(b)(6) and motions for summary judgment.

[15] The Court notes for the purposes of the record that all three cases that Defendants, Raymond Peterson and James Smith, rely upon in support of their argument that they're entitled to sovereign immunity for claims asserted against them in their official capacity dealt with the grant or denial of summary judgment. *See Woodard v. Laurens County*, 456 S.E.2d 581 (Ga. 1995); *See Rowe v. Coffey et al.*, 515 S.E.2d 375 (Ga. 1999); *See Ratliff v. McDonald*, 756 S.E.2d 569 (Ga. Ct. App. 2014).

immunity, but rather because Plaintiff has failed to allege facts sufficient to maintain a claim that Clinch County, GA, is responsible for the negligent and intentional infliction of emotional distress inflicted by Defendants Raymond Peterson and James Smith.

## CONCLUSION

In summary, Defendants' Partial Motion to Dismiss (Doc. 5) Plaintiff's Complaint is **GRANTED in Part** and **DENIED in part**. It is hereby **ORDERED** that Plaintiff's 42 U.S.C. § 1983 claim, as well as Plaintiff's negligent and intentional infliction of emotional distress claim, against Clinch County, GA, are **DISMISSED** in their entirety.

In addition, Plaintiff's conspiracy claim against Defendants, Raymond Peterson and James Smith, is **DISMISSED** it in its entirety as Plaintiff has failed to adequately allege a conspiracy claim. However, Defendants Raymond Peterson's and James Smith's Motion to Dismiss (Doc. 5) the claims asserted against them in their official capacities, as presented and argued, pursuant to Eleventh Amendment and Sovereign Immunity, is **DENIED without prejudice** at this time, as those are questions of law that are not properly before the Court at this stage of the proceedings upon an adequate record following discovery.

The Court notes for the purposes of the record that the following claims remain against the following Defendants. Plaintiff's 42 U.S.C. § 1983 claim against Defendants Raymond Peterson and James Smith, in their official and individual capacities, for the deprivation of Plaintiff's constitutional rights. Plaintiff's state law claims for (1) assault and battery, (2) excessive force, (3) negligent hiring, training and supervision, and (4) negligent and intentional infliction of emotional distress, against Defendants Raymond Peterson and James Smith, in their official and individual capacities, remains. Finally, Plaintiff's 42 U.S.C. § 1983 against Raymond Peterson, in his individual capacity, for failure to intervene, remains.

As no further claims remain against Defendant Clinch County, GA in this action, it is hereby **ORDERED** that Clinch County, GA be **DISMISSED** from this action.

**SO ORDERED**, this 29th day of September 2022

                                      **/s/ W. Louis Sands**
                                      **W. LOUIS SANDS, SR. JUDGE**
                                      **UNITED STATES DISTRICT COURT**