# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# VALDOSTA DIVISION

| | |
|---|---|
| JAMES DEAN FOUNTAIN, | : |
| Plaintiff, | : |
| v. | : CASE NO.: 7:21-CV-120 (WLS) |
| RAYMOND PETERSON, and JAMES SMITH, | : |
| Defendants. | : |

## ORDER

Before the Court is Defendants' Motion for Judgment on the Pleadings (Doc. 37), arguing that Plaintiff's claims are barred by the Prison Litigation Reform Act ("PLRA") because Plaintiff did not exhaust his administrative remedies. For reasons stated below, Defendants' Motion for Judgment on the Pleadings is **DENIED**.

## RELEVANT PROCEDURAL HISTORY & BACKGROUND

In September of 2021, Plaintiff filed a Complaint against Defendants Clinch County, Georgia, Raymond Peters, and James Smith, alleging that he was subject to excessive force when he was re-captured in September of 2019, following his escape from the custody of the Coffee County Sheriff's Office. (Doc. 1).

In October of 2021, Defendants filed a Motion to Dismiss all federal and state claims against them. (Doc. 5). In September of 2022, this Court dismissed Plaintiff's claims against Clinch County and conspiracy claims against Defendants Peterson and Smith. (Doc. 11). Further, the Court dismissed claims as to Clinch County but did not dismiss the state law claims against Defendants Peterson and Smith as well as claims against them in their official capacity pursuant to Eleventh Amendment immunity. (*Id.*) Thereafter, Defendants Peterson and Smith appealed the Eleventh Circuit in October of 2022. (Doc. 13).

In February of 2023, Plaintiff and Defendants filed a Joint Motion to Dismiss Appeal, after Plaintiff agreed that he would amend his Complaint to remove the official capacity claims against Defendants Peterson and Smith. (Doc. 26). After the Eleventh Circuit granted said Joint Motion, this Court permitted Plaintiff to file an Amended Complaint (Doc. 30). In October of 2023, Plaintiff filed the Amended Complaint (Doc. 30) against Defendants Peterson and Smith, which is now the operative Complaint. Defendants then filed their Answer (Doc. 31).

An in-person initial discovery conference was held with the Court on November 28, 2023, stating that discovery be completed by late May of 2024 and that dispositive motions be filed by June 27, 2024.

On June 3, 2024, Defendants filed the instant Motion for Judgment on the Pleadings. Therein, Defendants state that they "recently deposed" Plaintiff in April of 2024 and that Plaintiff testified that he was not residing in Clinch County at the time when he filed his Complaint and the Amended Complaint. (Doc. 37, at 3). Defendants contend that Plaintiff testified that he had been incarcerated since 2019 and that Defendants discovered that Plaintiff had been incarcerated at the Ware County Jail and that Plaintiff was actually a resident of Ware County, Georgia. (*Id.* at 4). And at the deposition, Defendants contend that when they inquired about whether Plaintiff had filed any grievances while he was incarcerated, Plaintiff testified that he had not. (*Id.* at 3). Thus, Defendants argue that Plaintiff's alleged claims of force as to Defendants Peterson and Smith are "completely barred" because Plaintiff failed to exhaust his administrative remedies as required by the PLRA. (*Id.* at 4).

Plaintiff filed a Response in Opposition (Doc. 39), arguing that Defendant's Motion for Judgment on Pleadings (Doc. 37) fails because (1) Defendants had already filed a Motion to Dismiss under Rule 12(b)(6), and did not raise the exhaustion of remedies defense in that Motion; therefore, Plaintiff contends that Defendants are barred from raising PLRA for the first time in their second Rule 12 Motion; and (2) that no administrative remedy was available to Plaintiff because Clinch County did not have a grievance policy and Coffee County's policy "expressly excluded '[a]ny matter that the [Coffee County Jail] has no control [over].'" (Doc. 39, at 2).

2

In their Reply (Doc. 43), Defendants contend that they did not raise the defense of failure to exhaust administrative remedies in their first Rule 12 Motion because Defendants say that defense was not available to them. This is because Defendants contend that they did not find out that Plaintiff had not exhausted his administrative remedies until they deposed him in April of 2024 and was not legally cognizable and was unavailable to Defendants before Plaintiff's deposition. (*Id.* at 3–4).

## **LEGAL STANDARD & APPLICATION**

Motion for judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure provides that "after the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c). Here, Defendant Peterson and Smith have filed the instant Motion (Doc. 37) after they filed their Answer (Doc. 31) to Plaintiff's Amended Complaint (Doc. 30). Thus, the Court finds Defendants' filing of the Motion for Judgment on the Pleadings (Doc. 37) is appropriate. *See Perez v. Wells Fargo, N.A.*, 774 F.3d 1329, 1337 (11th Cir. 2014) (explaining that when a defendant fails to answer, a judgment on the pleadings is barred by Rule 12(c) because the pleadings have not yet closed and competing pleadings do not exist).

Although a motion for judgment on the pleadings under Rule 12(c) is separate and distinct from a motion to dismiss under Rule 12(b)(6), motions for judgment on the pleadings are still subject to the same standard of review as motions to dismiss under Rule 12(b)(6). *Horsley v. Feldt*, 304 F.3d 1125, 1131 (11th Cir. 2002). Therefore, with respect to a motion for judgment on the pleadings, courts "must accept all allegations in the complaint as true and draw all inferences in the non-moving party's favor." *Miller v. Wolpoff & Abramson, LLP.*, 321 F.3d 292, 300 (2d Cir. 2003) (citation omitted). A complaint attacked by a motion to dismiss under 12(b)(6) will survive if it has enough facts to state a claim to relief that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

3

**DISCUSSION**

Under the PLRA, an inmate is required to exhaust any available administrative remedies before pursuing a § 1983 action in federal court. 42 U.S.C. § 1997e(a). The PLRA's exhaustion requirement applies to "all inmate suits about prison life, whether they involve general circumstances or particular episodes." *Porter v. Nussle*, 534 U.S. 516, 532 (2002). This exhaustion requirement is an "affirmative defense," not a pleading requirement. *See Jones v. Bock*, 549 U.S. 199, 216 (2007).

In the Eleventh Circuit, the exhaustion of administrative remedies is treated as a matter in abatement rather than an adjudication on its merits. *Bryant v. Rich*, 530 F.3d 1368, 1374 (11th Cir. 2008). Thus, the exhaustion defense should be raised in a motion to dismiss under Rule 12(b). *See id.* at 1374–75. One of Rule 12's many pleading rules in Rule 12(g)(2). *Brooks v. Warden*, 706 F. App'x 965, 969 (11th Cir. 2017). Rule 12(g)(2) provides that a "party that makes a motion under this rule must not make another motion under this rule raising a defense or objection that was <u>available to the party but omitted from its earlier motion</u>." Fed. R. Civ. P. 12(g)(2) (emphasis added). Under Rule 12(g)(2), a defendant is barred from raising exhaustion defense in a motion for judgment on the pleadings if the defendant did not raise the exhaustion defense in his <u>first</u> motion to dismiss. *Brooks*, 706 F. App'x at 969 (emphasis added). This is because exhaustion defense is non-jurisdictional "claim-processing rule" and is thus subject to forfeiture under Rule 12 (g)(2). *Id.* (citations omitted). In other words, if a defendant did not raise the exhaustion defense in his first Rule 12 motion, the defense is forfeited and cannot be raised in a subsequent Rule 12 motion. *Id.* at 968. And for purposes of Rule 12(g)(2), the Eleventh Circuit has noted that whether a defendant's failure to timely raise the exhaustion defense was intentional or inadvertent does not matter. *Id.* at 968 n.2.

Here, in the instant Motion for Judgment on the Pleadings (Doc. 37), Defendants argue that they did not raise the defense of exhaustion of remedies in their first Motion to Dismiss because they were unaware that Plaintiff was incarcerated at the time he filed his Complaint. Defendants say this is because Plaintiff's Complaint and Amended Complaint alleged that Plaintiff was a resident of Clinch County, Georgia. Defendants state it was not until April of 2024, when they deposed Plaintiff, that they realized Plaintiff had been

4

incarcerated since 2019. Defendants also contend that Plaintiff testified that he did not file any grievances while he was incarcerated at any of the correctional facilities where he had been held. Defendants also assert that it was not until they deposed Plaintiff that they learned Plaintiff was incarcerated at Ware County jail when he filed his initial complaint. Thus, Defendants argue that they did not raise the exhaustion remedy in their first 12(b) motion because it "did not appear" as "legally cognizable" defense and was thus "unavailable" to them because there was "no basis" for Defendants to believe that Plaintiff might have been incarcerated at the time he filed his Complaint. (Doc. 37, at 1–5 n.3).

On the other hand, Plaintiff contends that Defendants cannot now—after almost three (3) years of litigation—raise the exhaustion defense, especially because they did not raise it in in their first Motion to Dismiss. (Doc. 39, at 2). Plaintiff argues that Defendants' argument that they only found out Plaintiff had not exhausted remedies until they recently deposed him is "dubious." (*Id.* at 1, 6–11). Assuming arguendo, Plaintiff also contends that no administrative remedy was available to him because Clinch County does not have a grievance policy and Coffee County's policy excludes any matters that it has no control over. (*Id.* at 1–2).

Generally, a defense is considered to be "unavailable" for purposes of Rule 12(g)(2) if its "legal basis did not exist at the time of the answer or pre-answer motion" such that it was "for all practical purposes impossible for the defendants" to interpose their defense. *Adacel, Inc. v. Adsync Tech. Inc.*, 6:18-CV-1176-ORL-40TBS, 2019 WL 12382479, at *1 (M.D. Fla. Jan. 28. 2019) (emphasis added). But once the "unavailable" defense is made apparent, it must be raised as soon as its cognizability is established. *Noveshen v. Bridgewater Assocs., LP.*, 13-CV-61535-KAM, 2015 WL 11170928, at *3 (S.D. Fla. July 20, 2015) (citation omitted).

Here, the Court finds Defendants fail to show that the information—whether Plaintiff was incarcerated at the time he filed the Complaint—was unavailable. First, Plaintiff's Complaint and Amended Complaint (Doc. 30) both allege § 1983 claims of excessive force against Defendants and that Defendants used deadly force to seize Plaintiff when he escaped from detention in a local jail. (Doc. 30, at 2). True, the Complaint alleges that Plaintiff was jailed in the Coffee County Jail (Doc. 30, at 4), as opposed to Ware County jail, as testified by Plaintiff during his deposition in April of 2024. Nevertheless, the facts

5

alleged in the Complaint involve Plaintiff's escape from jail and then getting seized by Defendants. Defendants' contention that they were "unaware" that Plaintiff might have been incarcerated at the time he filed his Complaint is unavailing, given that the facts alleged in the Complaint involve Plaintiff's escape from jail. In other words, the Court does not find that it was impossible for Defendants to check or confirm to determine whether Plaintiff was incarcerated or not. The Court agrees with Plaintiff that such information is publicly available online or easily attainable through early stages of discovery. Thus, the Court finds that Defendant should have been aware of, or through exercise of caution and diligence, should have been able to confirm whether Plaintiff had been incarcerated at the time he filed his initial Complaint and Amended Complaint.

Next, assuming arguendo that the information of Plaintiff's incarceration was unavailable, the Court also finds that Defendants waited two (2) months after Plaintiff's deposition to file the instant Motion. Therefore, the timing of the filing indicates to the Court that Defendants did not file their motion "as soon as" the "unavailable" information was made apparent.

Lastly, the Eleventh Circuit has made clear that defendant is barred from raising the exhaustion defense in his motion for judgment on the pleadings if it was not raised in defendant's first motion to dismiss under Rule 12. *Brooks*, 706 F. App'x at 969 (citing Rule 12(g)(2)) (finding that defendant officer was barred from raising the exhaustion defense in his motion for judgment on pleadings because he did not raise the exhaustion defense in his earlier motion to dismiss under Rule 12). The defense of a plaintiff's failure to exhaust administrative remedies must be and should be raised in the first Rule 12(b) motion. *Id.*; *see Bryant*, 530 F.3d at 1375. Here, Defendants failed to do so. They did not raise the exhaustion defense in their first Rule 12(b) Motion (Doc. 5). And the Court finds Defendants' argument that the exhaustion defense was not available to them when they filed their first Rule 12 motion because they were unaware Plaintiff was incarcerated at the time he filed his Complaint to be futile and unconvincing, given the allegations in the Complaint and actual availability of the pertinent information. Accordingly, Defendants' Motion for Judgment on Pleadings is **DENIED**.

6

## CONCLUSION

For the aforementioned reasons, Defendants' Motion for Judgment on the Pleadings (Doc. 37) is **DENIED.**

**SO ORDERED**, this 31st of July 2024.

                                      **/s/ W. Louis Sands**
                                      **W. LOUIS SANDS, SR. JUDGE**
                                      **UNITED STATES DISTRICT COURT**